| | |
|---|---|
| MICHAEL A. FAKHOURY, P.C. | Return Date: January 24, 2017 |
| Attorney for Debtors | Time: 9:30 a.m. |
| 725 Route 9 | |
| Fishkill, NY 12524 | |
| (845) 896-5200 | |
| Michael Fakhoury, Esq. (MAF 5339) | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

JOSEPH KNAPP

              CHAPTER 13
              CASE NO.: 13-37350

      Debtor.
--------------------------------------------------------X

**NOTICE OF DEBTOR'S APPLICATION SEEKING TO SELL CERTAIN REAL PROPERTY PURSUANT TO 11 USC § 363(f)(3); AND APPROVING PAYMENT OF EXPENSES, INCLUDING BROKERS' COMMISSION AND LEGAL FEES, AT CLOSING**

PLEASE TAKE NOTICE that upon the application of Joseph Knapp ("Debtor"), by their attorney, Michael A. Fakhoury, Esq., a hearing shall be held before the Honorable Cecelia G. Morris, Chief United States Bankruptcy Judge, at the United States Bankruptcy Court, 355 Main Street, Poughkeepsie, New York 12601 on January 24, 2017 at 9:30 a.m., or as soon thereafter as counsel can be heard, seeking an Order, pursuant to 11 USC §363(f), to sell Debtor's residence at 3 Wright Blvd., Hopewell Junction, NY 12533; and to approve payment of brokers' commissions, legal fees ($1,300) and other costs of closing title.

   **PLEASE TAKE FURTHER NOTICE,** that answering papers, if any, shall be served upon and received by counsel for the Debtor at the address indicated below and filed with the Court together with proof of such service, no later than seven (7) days prior to the return date hereof.

**PLEASE TAKE FURTHER NOTICE**, that the Proposed Order may be modified at or prior to the Hearing to accommodate objections thereto by interested parties or for any other reason whatsoever and that, at the Hearing, the Court may enter such Order as it deems appropriate in accordance with applicable law and required by the circumstances and equities of the case.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned from time to time without notice to any creditor or other party in interest other than by announcement of the adjourned date in open Court on the date of the Hearing.

Dated: Fishkill, New York
December 16, 2016

                                        MICHAEL A. FAKHOURY, P.C.
                                        Attorney for Debtor

By:    /s/ Michael A. Fakhoury____
       MICHAEL A. FAKHOURY (MAF 5339)
       725 Route 9
       Fishkill, NY 12524
       (845) 896-5200

To:

Jeffery L. Sapir
Ch. 13 Trustee
399 Knollwood Road
White Plains, NY 10603

US Trustee's Office
74 Chapel Street
Albany, NY 12207

*ALL CREDITORS*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

JOSEPH A. KNAPP

                                                                **CHAPTER 13**
                                                                **CASE NO.: 13-37350**

                Debtor.
--------------------------------------------------------X

**APPLICATION PURSUANT TO 11 USC §363(f)(3) TO SELL
REAL PROPERTY AND APPROVING PAYMENT OF EXPENSES, INCLUDING
BROKERS' COMMISSIONS AND LEGAL FEES, AT CLOSING**

TO THE HONORABLE CECELIA G. MORRIS
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Joseph A. Knapp, ("Debtor"), by his attorney, Michael A. Fakhoury, Esq., makes the following application pursuant to 11 USC §363 to sell certain real property, and respectfully submits the following:

1. On October 26, 2013 the Debtor filed a petition for relief under Chapter 13 of Title 11 of the United States Code. Jeffrey L. Sapir is the Trustee.

2. Debtor and his wife, Amy E. Knapp, are owners of their former residence, a one (1) family home and property located at 3 Wright Blvd., Hopewell Junction, NY 12533 (the "Property"). Please see attached for **Exhibit A**, which shows the legal description of this property.

3. Debtor needs to sell his house because he and his wife have decided to separate. Also, as part of the separation, Debtor wishes to move to his parent's house which is closer to his place of work, and which will let him save money on housing expenses and child care. Retaining ownership of the house would therefore be a burden on Debtor.

4. The contract ("Agreement") for the sale of the Property is for a purchase price of $345,000.00. A copy of the Agreement is annexed hereto as **Exhibit B**.

5. There are the following liens on the Property:

   a. Wells Fargo Bank, NA holds a first mortgage covering the Property, secured in the approximate amount of $289,467.91 based on a monthly statement dated August 31, 2016, annexed hereto as **Exhibit C.**

   b. Home Loan Investment Bank, F.S.B. has a second mortgage, with a balance due totaling approximately $7,769.15, based on a monthly statement dated August 25, 2016, annexed as **Exhibit D.**

6. There is a real estate broker in this transaction, Coldwell Banker located at 366 Underhill Ave., Yorktown Heights, NY 10598. An application is pending for their retention and approval of their commission, to be divided with the Selling Broker. The co-broker in this case is Houlihan Lawrence Inc., 1989 Route 52, East Fishkill NY 12533. Debtor's real estate counsel, Anthony Tripodi, Esq., is charging a reasonable fixed fee of $1,300.00.

7. From the proceeds of the sale, the Debtor proposes to pay the brokers' commissions, the legal fees of $1,300.00; and other usual and customary costs of sale, such as New York transfer tax. The balance of the proceeds shall be distributed to Wells Fargo Bank, NA and Home Loan Investment Bank, F.S.B.  We believe Wells Fargo Bank, NA and

Home Loan Investment Bank, F.S.B. will receive funds in full satisfaction of their liens on the Property.

8. Debtor anticipates that, after all liens and closing costs have been paid or satisfied, the remaining funds will be less than the available statutory exemption and Debtor wishes to retain all the net proceeds. Said proceeds will also need to be shared with Debtor's wife, Amy E. Knapp, who also owns the Property.

9. After substantial efforts and negotiations, the Debtor is firm in his conviction (a) that the Court should authorize the consummation of the transaction as outlined in the Agreement pursuant to 11 U.S.C. §363(f)(5); and (b) the purchase price of $345,000 for the Property represents a fair and reasonable price, and the greatest price which can be been obtained for the Property.

10. The Debtors respectfully submit that the consummation of the sale of the Property which is the subject of the Agreement is in the best interest of the Debtor and that the sale will allow Debtor to move forward in this Chapter 13 case.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order approving the foregoing transaction pursuant to 11 U.S.C. §363(f)(5) and for such other relief as the Court deems just and proper.

Dated: Fishkill, New York
December 16, 2016

                                      MICHAEL A. FAKHOURY, P.C.
                                      Attorney for Debtor

                    By:    /s/ Michael A. Fakhoury____
                            MICHAEL A. FAKHOURY (MAF 5339)
                            725 Route 9
                            Fishkill, NY 12524
                            (845) 896-5200

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:

JOSEPH A. KNAPP
                                                                                                         CHAPTER 13
                                                                                                         CASE NO.:   13-37350

                      Debtor.
------------------------------------------------------X

**ORDER APPROVING SALE OF THE DEBTOR'S REAL PROPERTY PURSUANT TO 11 U.S.C. § 363 AND FOR DISTRIBUTION OF PROCEEDS**

Upon the Applications of the Debtor, dated December 16, 2016 (the "Motion"), seeking, respectively, (1) authority to consummate the transaction which is the subject of an agreement of sale ("Agreement") of all of the right, title and interest in and to certain real property owned by the Debtor, located at 15 East Croton Drive, Carmel, New York 10512 ("Property"), free and clear of all liens, claims, interest and encumbrances, at a purchase price of $345,000, as more fully described in the Motions; and authorizing distribution of proceeds; and the Application having been the subject of a hearing before the undersigned held at the United States Bankruptcy Court, 355 Main Street, Poughkeepsie, New York 12601 on the 24th day of January, 2017; and the Motion having received no opposition to the Motions; and the Court having found that adequate notice of the Motion was given; and it appearing that it is for the benefit of Debtor's estate that the Property should be sold; now, therefore, it is **ORDERED** that:

    A. The Debtor's Application be, and the same hereby is, granted and the Debtor is authorized, pursuant to 11 U.S.C. § 363 (f) to sell the Property to pursuant to the Agreement. Such sale is to be free and clear of all liens and claims, with all such liens and claims to attach to the sale proceeds in the same amount and order of priority, with the same validity and enforceability, and subject to the same defenses as existed

immediately before the sale. This Order may be recorded with the County Clerk to reflect such clear title, should any particular lien holder fail to provide a release of lien.

B. The Debtors are authorized to (i) pay to their real estate counsel Anthony Tripodi, Esq., the sum of $1,300.00 for legal fees out of the proceeds of the sale; (ii) the brokerage commission due Debtor's Broker, Coldwell Banker, in the sum of five percent of the sale price (5%), which may be split with the co-broker, pursuant to the particular agreement between such brokers; and (iii) all necessary costs of closing the transaction including, but not limited to, title costs, and the usual closing adjustments including but not limited to, recordation charges, documentary stamp charges, real estate taxes and real property transfer taxes.

C. After payment of the above items and necessary costs of closing the transaction, the Debtor is authorized to pay the balance of the proceeds to the lien holders having interest in the property: Wells Fargo Bank, NA and Home Loan Investment Bank, F.S.B..

D. The remaining proceeds after the above costs and liens have been paid shall be shared between Debtor and his wife, Amy E. Knapp, and proceeds Debtor is entitled to personally keep are found to be within the applicable exemptions; and it is further

**ORDERED**, that the filing of this Order with the Dutchess County Clerk shall serve to indicate the Property is sold and transferred free of any liens.